United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Josue Cepero and Leticia Cepero, | ) | Civil Action No. 22-22686-Civ- |
| Debtors. | ) | Scola |
| | ) | |
| | ) | |
| Hammocks Community Association | ) | |
| Inc., and Marglli Gallego, Appellants, | ) | |
| | ) | Bankruptcy Case No. 17-20358- |
| v. | ) | LMI |
| | ) | |
| Josue Cepero and Leticia Cepero, | ) | |
| Appellees. | ) | |

**Order Denying Motion for Rehearing**

This matter is before the Court on the motion for rehearing filed by the Appellee (and Debtors below), Josue and Leticia Cepero. (Mot., ECF No. 37.) Neither of the Appellants has responded, and the time to do so has passed. After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** the Appellees' motion for rehearing. (**ECF No. 37**.)

**1. Background**

On June 23, 2023, the Court issued an opinion and order in this bankruptcy appeal, largely affirming the bankruptcy court's orders on appeal but reversing and remanding for the limited issue of determining whether Appellant Hammocks Community Association, Inc. ("Hammocks") could be found liable for punitive damages for violation of the bankruptcy court's prior orders relating to an incident in May 2019, between Appellant Marglli Gallego (who was at the time Hammocks' president) and the Appellees. (Op. & Order at 9-10.) Specifically, the Court determined that there was insufficient evidence in the record to support a finding that Gallego was acting in her official capacity at the time of the incident, so the Court remanded for a resolution of that particular issue. (*Id.*)

Now, the Appellees seek rehearing of the portion of the order reversing and remanding the imposition of punitive damages against Hammocks for several reasons. First, the Appellees argue that the Court failed to address whether the Appellants waived or appropriately preserved for appeal the issue of Hammocks' liability for Gallego's conduct. (Mot. at 1-12.) The Appellees also argue that the Court improperly cited to matters outside the record, wrongly considered Hammocks' reply brief, and wrongly determined that the bankruptcy court

applied the wrong legal standard in holding Hammocks liable for punitive damages. (*Id.* at 12-15.)

### 2. Legal Standards

A motion for rehearing under Federal Rule of Bankruptcy Procedure 8022 is reviewed under the same standard as a motion to reconsider. *Tucker v. Mukamal*, No. 13-MC-23425, 2015 WL 10986356, at *1 (S.D. Fla. Feb. 11, 2015) (Marra, J.), *aff'd*, 616 F. App'x 969 (11th Cir. 2015). In addressing a motion to reconsider a prior decision, two opposing policies must be balanced: on the one hand, the desirability of finality, and on the other, the public interest in reaching the right result. *Civil Aero. Bd. v. Delta Air Lines, Inc.*, 367 U.S. 316, 321 (1961). To balance these competing principles, courts generally permit reconsideration where there is newly discovered evidence, a manifest error of law or fact, or where justice so requires. *See In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999); *Vila v. Padron*, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). A motion for reconsideration is not appropriately used as a vehicle to "relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of [the order]." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). "Motions for reconsideration are left to the sound discretion of the district court and are to be decided as justice requires." *Belmont Holdings Corp. v. SunTrust Banks, Inc.*, 896 F. Supp. 2d 1210, 1222–23 (N.D. Ga. 2012).

### 3. Analysis

The Plaintiff's motion for rehearing wrongly attempts to relitigate the Court's decision in its order and opinion. *Michael Linet, Inc.*, 408 F.3d at 763. The Appellees argue that the Court failed to consider or analyze their arguments that Hammocks waived any right to appeal the imposition of punitive damages below. The Court did, in fact, find that Hammocks did not waive this argument below, although the Appellees fail to acknowledge this in their motion. The Appellees quote the first portion of the Court's relevant finding but not the reasoning supporting it. The Court determined that "[t]he motion to strike is without merit: although Hammocks applies different legal reasoning in its Reply Brief than originally submitted in its Initial Brief, the point made remains the same, **and was argued (perhaps unartfully) below**." (Op. & Order at 8 (emphasis added).) Therefore, the Court has already considered and rejected the waiver argument.

Further, it appears that the Appellees' arguments here fails to distinguish between asserting that Hammocks waived its right to appeal the bankruptcy court's finding of contempt against it on the basis of Gallego's actions and asserting that Hammocks waived its right to appeal the imposition of **punitive** damages against it on the basis of Gallego's actions. (Mot. at 3-5.) The former

issue was not argued at all on appeal, and the Court therefore never addressed it. (*See generally* Op. & Order.) It is, accordingly, irrelevant here.

Rather, the Court addressed **only** the imposition of **punitive** damages against Hammocks based on Gallego's conduct. (Op. & Order at 7-10.) In doing so, the Court rejected the argument that the bankruptcy court was "compelled" to impose punitive damages against Hammocks under the *Schropp* standard. The Appellees continue to push that same incorrect understanding of the standard that they asserted both below and on appeal. (Ans. Brief at 12-13; Op. & Order at 7-10.) But Florida law, as confirmed in *Schropp*, implicitly requires that a "managing agent's conduct which gave cause for punitive damages must have occurred during the course of the managing agent's employment." (Op. & Order at 9 (citing *Schropp v. Crown Eurocars, Inc.*, 654 So. 2d 1158, 1159-61 (Fla. 1995) and *Bankers Mult. Line Ins. Co. v. Farish*, 464 So. 2d 530, 533 (Fla. 1985)).) The bankruptcy court made no factual findings that would be sufficient to support a finding that Gallego was acting in the course of her duties at the time of the incident at issue here. For that reason, the Court reversed and remanded only the imposition of punitive damages against Hammocks specifically related to Gallego's conduct in the May 2019 Incident. (Op. & Order at 7-10.) The Appellees' renewed arguments therefore do not present any new evidence, a manifest error or fact or law, or an injustice. They instead only rehash arguments the Court has already considered and rejected.

Next, while the Court did indeed cite to matters outside the record—for the express purpose of explaining why, in this matter, Hammocks was suddenly submitting a reply brief independently from Gallego—it did not consider or rely on those matters in making its decision here. The Court did consider evidence on appeal that was not in front of the bankruptcy court and it did not reverse the bankruptcy court's imposition of punitive damages against Hammocks "on the basis of facts not in the record." *Garcia v. Am. Marine Corp.*, 432 F.2d 6, 8 (5th Cir. 1970); *In re Lewis*, 211 B.R. 970, 973 (N.D. Ala. 1997), *aff'd*, 137 F.3d 1280 (11th Cir. 1998). Instead, the Court reviewed and considered only the matters in the record in making its decision. (Op. & Order at 7-10.)

Nor did the Court wrongly determine that it could consider Hammocks' reply brief. As the Court has already addressed above, it determined in its opinion and order that Hammocks was continuing to assert arguments that it had made both below and on appeal against the imposition of punitive damages. (Op. & Order at 8.) Further, the Court noted that even if it had **rejected** Hammocks' reply brief and granted the motion to strike, it **still** would have found that the bankruptcy court lacked clear and convincing evidence supporting a finding of punitive damages against Hammocks. (*Id.* at 8 n.2 ("The Court notes, however, that even if it had struck Hammocks' reply brief, it still would have found that the finding of contempt against Hammocks for the May 2019 Incident was not

supported by clear and convincing evidence.").) Accordingly, the Court denies the motion for rehearing.

### 4. Conclusion

For the reasons set out above, the Court **denies** the Plaintiff's motion for rehearing. (**ECF No. 37**.)

**Done and ordered** in Miami, Florida, on July 19, 2023.

_____
Robert N. Scola, Jr.
United States District Judge