UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Appeal Case No. 22-22686-Civ-Scola
Bankruptcy Case No. 17-20358-LMI (Chapter 13)

HAMMOCKS COMMUNITY
ASSOCIATION INC., and
MARGLLI GALLEGO,
    *Appellants,*
vs.
JOSUE CEPERO and
LETICIA CEPERO,
    *Appellees.*
_____/

## MOTION TO ALTER OR AMEND AMENDED JUDGMENT ENTERED AUGUST 17, 2023 AND INCORPORATED MEMORANDUM OF LAW

    Appellees JOSUE CEPERO and LETICIA CEPERO, through counsel, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Rule 9023 of the Federal Rules of Bankruptcy Procedure, hereby file this Motion to Vacate Amended Judgment entered August 17, 2023 (ECF 47), and, as grounds, state:

    1. Per this Court's Order Vacating Judgment and Clarifying Judgment (ECF 46), the Court made it clear that: i) Hammocks' remained liable for contempt for the May 2019 Incident and for the damages arising therefrom, because "Hammocks did not **preserve for appeal** the issue of whether Gallego was acting in her official capacity during the bankruptcy court's initial findings of contempt;" [*Id.* at 2] and ii) the **only** matter remanded to the bankruptcy court was to

1

determine, **for purposes of assessing punitive damages against Hammocks**, whether Gallego was acting in her role as president of Hammocks during the May 2019 Incident finding: "only the issue of Hammocks' liability for punitive damages was **preserved for appeal**." *Id.* at 3.

2. Whether under Rule 59 or Rule 9023, and "[a]lthough Rule 59(e) does not delineate the available grounds for relief under that section, courts have generally granted relief to (1) account for an intervening change in controlling law, (2) consider newly available evidence, or (3) correct clear error or prevent manifest injustice." *In re Full Gospel Assembly of Delray Beach*, 371 B.R. 559, 562 (S.D. Fla. 2007) (citing *Sussman v. Salem, Saxon & Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994); *Morris v. United States of America,* 1998 U.S. Dist. LEXIS 14046 (M.D.Fla.1998)). This Motion, respectfully, focuses on subpart (3) – to correct clear error or prevent manifest injustice.

3. Respectfully, this Court properly and correctly has clarified its decision to conclude that "Hammocks did not **preserve for appeal** the issue of whether Gallego was acting in her official capacity during the bankruptcy court's initial findings of contempt." *Id.* at 2. [Emphasis added]. The reason this finding is proper and correct is because the Record clearly shows that, at no time during the proceedings leading to the findings of contempt - either through a written response, a written closing argument, any oral argument during the evidentiary proceeding,

etc. – did Hammocks ever contend it could not be liable for contempt for the May 2019 Incident because Gallego was not acting within the scope of her duties as president of Hammocks during the May 2019 Incident. As Appellees pointed out, Hammocks and Gallego presented a joint defenses contending they did nothing wrong during the Incident, never presenting a separate defense for Hammocks (*e.g.* Hammocks not liable for the acts of Gallego).

Thus, this Court's conclusion that Hammocks did not "preserve for appeal the issue of whether Gallego was acting in her official capacity during the bankruptcy court's initial findings of contempt" was entirely proper and correct. *See Steinhorst v. State, 412 So. 2d 332, 338 (Fla. 1982)*, to preserve an issue on appeal, the issue, including the precise legal argument must be timely presented to the lower court.

3. However, within the context of a clear error and/or manifest injustice, this Court has, respectfully, misconstrued Hammocks' "preserv[ation] for appeal" the same argument – that Gallego was not acting in her official capacity during the May 2019 Incident – as to imposing punitive damages. To be clear, this Court has **only** focused on whether Hammocks presented this argument in its Initial and Reply Briefs to determine whether "Hammocks' liability for punitive damages was preserved for appeal." *See* Opinion and Order [ECF 36 at 8], the Court determined that the Reply Brief would not be stricken, for purposes of assessing punitive

3

damages against Hammock Gallego, because Hammocks had raised the issue, although unartfully, in their Initial Brief through their initial appellate counsel, stating:

> First, the Court must briefly address the Appellees' motion to strike Hammocks' Reply Brief. The motion to strike is without merit: although Hammocks applies different legal reasoning in its Reply Brief than originally submitted in its Initial Brief, the point made remains the same, and was argued (perhaps unartfully) below. Hammocks asserts that the bankruptcy court improperly found it to be liable for Gallego's conduct because she was not performing her duties as president at the time of the May 2019 Incident. (Init. Brief at 42-43; Reply Brief at 12-19.) Therefore, the Court denies the motion to strike and considers Hammocks' reply brief in full.

*See also* Order Denying Rehearing [ECF 38] at 2, where the Court cited to the above-quoted language to address Appellees' waiver argument.

4. Respectfully, the clear error alleged by Appellees is that Appellees never once contended that Hammocks waived the issue of its liability for punitive damages, because it failed to make such an argument in either its Initial or Reply Brief. **This was never the argument of Appellees**. Nor was that the reason why Appellees sought to strike the Reply Brief.[1] Respectfully, a matter will not be preserved for appeal if: a) a particular argument is not presented in the brief; or 2) said argument was not presented properly and timely in the lower court. This

---

[1] Appellees only filed the motion to strike to preclude this Court's consideration of matters outside the Record and/or not presented in the Initial Brief. Again, Appellees concede that the issue of whether Gallego was acting as president in determining punitive damages for the May 2019 Incident was included in the Initial Brief; and, Appellees never contended otherwise.

4

Court focused only on a), a matter Appellees did not present; but not b), the argument presented by Appellees during this appeal.

5. To be clear, Appellees always contended that Hammocks, similar if not identical to their argument regarding Hammocks' initial liability for the contempt for the May 2019 Incident, simply failed to present the argument – that Hammocks could not be liable for the acts of Gallego – in a timely and proper fashion; and, therefore, failed to "preserve for appeal" this issue. Appellees argued:

> Nothing was filed after the entry of the finding of contempt [ECF328] by Appellants or [Hammocks] suggesting that [Hammocks] could not be held in contempt for the May 15, 2019 incident, or the November 2020 lawsuit, as well.
>
> After Debtors submitted their brief on damages [ECF335], Appellants filed their joint response. ECF337. **Nowhere in ECF337 is a suggestion or argument that only one Appellant [Gallego], but not the other [Hammocks], could be liable for either of the forms of damage – attorney's fees, damages for emotional distress and/or punitive damages. Further, no argument was ever presented that the [Hammocks] could not be liable for the acts of Ms. Gallego, or that Ms. Gallego acted on her own**. I. Brf. at 6-7. [Emphasis added].

Appellees also argued:

> Even if direct liability could somehow not apply, [Hammocks] **never really contested its liability for attorney's fees and other damages for the two aspects of the contempt order at issue** – the May 15, 2019 incident and filing of the November 2020 lawsuit. As stated in *Rosenberg*, if a president's wrongful acts exposes the corporation to direct liability for damages, the corporation is also responsible for any punitive damages. **It would make no sense for [Hammocks] to be liable for attorney's fees and damages for emotional distress as a result of the May 15, 2019 incident, but not punitive damages**, as contended by [Hammocks]. *Id.* at 29. [Emphasis added].

5

6. The Record is clear that Hammocks never once claimed, prior to its liability for contempt, that it could not be liable for the acts of Gallego. Further, the Record is equally clear that in determining the parameter of sanctions, including attorney's fees, costs, emotional distress damages **and punitive damages**, Hammocks never once contended that it could not be liable for the acts of Gallego. *See* ECF 337, Hammocks' and Gallego's objection to damages copy attached hereto as Ex. 1. This objection, ECF 337 at 11-14, contains the entirety of Hammocks' arguments regarding imposition of punitive damages against it.

7. Respectfully, and in the context of clear error, nowhere in ECF 337 at 11-14 or any other portion is there any argument whatsoever resembling the argument presented on appeal – that Hammocks cannot be liable for the acts of Gallego because she was not acting within the scope of her role as president. At the critical time when the bankruptcy court was considering assessing punitive damages against Hammocks for the May 2019 Incident, Hammocks **completely failed to raise the argument it presented in this appeal**.

8. After reviewing the arguments for damages, and Appellants' objection [ECF 337], the bankruptcy court entered an Order finding Hammocks liable for punitive damages and ordering a further evidentiary hearing to determine Hammocks' ability to pay punitive damages:

6

e. The Court will conduct an evidentiary hearing on December 30, 2021, at 9:30 a.m. to hear evidence on emotional distress and the ability of Ms. Gallego **and the Association to pay punitive damages**." ECF339 at 11. [Emphasis added].

9. Thus, respectfully, the Record is clear that Hammocks never raised the issue or contended in the bankruptcy court that it could not be liable for the acts of Gallego or that Gallego was acting "on her own" during the May 2019 Incident at any time: i) before contempt was imposed against Hammocks for the May 2019 Incident; ii) in any proper challenge to the finding of contempt against Hammocks for the May 2019 incident; and/or iii) when damages, including punitive damages, were imposed by the Court in ECF 339.  The Record is equally clear that any issue based upon *Schropp v. Eurocars*, 654 So. 2d 1158 (Fla. 1995) was first presented by Hammocks when the Court was assessing the **amount** of punitive damages.  No such argument was presented when assessing Hammock's liability for contempt or the damages to be assessed for the May 2019 Incident.  Respectfully, this is tantamount to a failure to preserve the matter for appeal.

10. Appellees note that this Court has concluded in the Order Vacating Judgment and Clarifying Judgment [ECF 46 at 2] that the Rules of Civil Procedure apply to this proceeding.  Respectfully, the clear error and/or manifest injustice flows from this Court's limitation of the term "preserved for appeal."  Again, as conceded above, Hammocks did raise the issue that it was not liable for the acts of Gallego for May 2019 Incident in their briefs on appeal.  However, this, alone, did

7

not preserve that issue for appeal. Failing to raise this issue when its contempt for the May 2019 Incident was determined, and failing to raise this issue when its **liability for punitive damages** was addressed and determined is conclusive in demonstrating a failure to preserve the issue for appeal. *Steinhorst, supra*.

11. For these reasons, a remand is not necessary, and Appellees are entitled to a complete affirmance. Just as "Hammocks did not preserve for appeal the issue of whether Gallego was acting in her official capacity during the bankruptcy court's initial findings of contempt," Hammocks also failed to preserve that same issue when the bankruptcy court directed Hammocks to be liable for punitive damages in ECF 339. Hammocks' objections, ECF 337, clearly fail to present any such argument. Therefore, this issue was waived or not properly preserved for this appeal by Hammocks. A party cannot be heard on appeal to complain of a matter it failed to raise properly and timely in the lower court.

WHEREFORE Appellants requests that the Court enter an Order granting Appellants' Motion, altering and amending the Amended Judgment entered on August 17, 2023 to eliminate the need for a remand, and finding that Hammocks failed to preserve for appeal the issue raised as to punitive damages based upon *Schropp* by failing to present this argument during the liability phase or the damage assessment phase of the proceedings below and for any other relief deemed just and proper.

Respectfully submitted,

Law Office of Michael J. Brooks
Attorney for Debtors
8660 West Flagler
Miami, FL 33144
Telephone 877-290-9197
Facsimile 954-623-6125
mbrooks@bankruptcynow.com

By: */s/ Michael J. Brooks*
     Michael J. Brooks
     Florida Bar No. 434442

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the above and foregoing was filed and sent via electronic filing using CM/ECF system with the Clerk of the Court which sent email notification to all CM/ECF participants in this case on this 28th day of August, 2023.

By: */s/ Michael J. Brooks*
     Michael J. Brooks