United States District Court
for the
Southern District of Florida

| | |
|---|---|
| In re: ) | |
| ) | |
| Josue Cepero and Leticia Cepero, ) | Civil Action No. 22-22686-Civ- |
| Debtors. ) | Scola |
| ) | |
| ) | |
| Hammocks Community Association ) | |
| Inc., and Marglli Gallego, Appellants, ) | |
| ) | Bankruptcy Case No. 17-20358- |
| v. ) | LMI |
| ) | |
| Josue Cepero and Leticia Cepero, ) | |
| Appellees. ) | |

## Order Denying Appellees' Motion to Alter or Amend the Amended Judgment

This matter is before the Court on the Appellees' motion to alter or amend the Court's August 17, 2023 amended judgment. (ECF No. 48.) The Appellants responded (ECF No. 49) and the Appellees filed a reply. (ECF No. 50.) The Court has reviewed the briefing and is otherwise fully advised. The Court **denies** the motion. (**ECF No. 48**.)

The Court's August 17, 2023 amended judgment clarified that the Court's June 23, 2023 order had reversed the Bankruptcy Court on the issue of Appellant Hammocks's liability for punitive damages, remanding for further proceedings regarding that issue only. (*See* Order, ECF No. 46 at 2-3.) The Appellees now request that the Court alter or amend the August 17 judgment pursuant to Federal Rule of Civil Procedure 59(e) to hold that Hammocks failed to preserve the punitive damages issue for appeal and eliminate the need for a remand. (Appellees' Mot., ECF No. 48 at 8.) The Appellees make this argument without explaining how Rule 59 now applies despite the Court's order agreeing with the Appellees that Rule 59 does not govern appeals to a district court from a bankruptcy court and entering judgment under Federal Rule of Appellate Procedure 6. (*See* Orders, ECF Nos. 46-47.)

Even if Rule 59 (or Federal Rule of Bankruptcy Procedure 9023) would somehow apply, "[t]he only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500

F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted). The Appellees have already challenged the Court's holding on punitive damages in their June 26, 2023 motion for rehearing (ECF No. 37), which the Court denied. (ECF No. 38.) They do not present either newly-discovered evidence or manifest errors of law or fact here. Instead, the Appellees repetitively argue that Hammocks failed to preserve the issue of punitive damages in the proceedings below. (Mot., ECF No. 48 at 7-8.) As the Court *already stated* in its July 20, 2023 order, the Appellees' motion "wrongly attempts to relitigate the Court's decision in its order and opinion," and altering or amending the judgment is therefore unjustified. (ECF No. 38 at 2.) The Court forewarns the Appellees that the filing of frivolous motions may incur sanctions.

For the reasons stated above, the Court **denies** the Appellees' motion to alter or amend the Court's August 17, 2023 amended judgment. (**ECF No. 48**.)

**Done and ordered** at Miami, Florida, on October 3, 2023.

_____
Robert N. Scola, Jr.
United States District Judge